UNITED STATES DISTRICT COURT   NORTHERN DISTRICT OF NEW YORK

ARCHIE J. DAVIS,

                    Plaintiff,

-against-

CITY OF TROY; City of Troy Police Officers ISAAC BERTOS, RUSSELL CLEMENTS and DOMINICK COMITALE, individually and/or as agents, servants, and/or employees of the City of Troy.

                    Defendants.

**COMPLAINT**

**JURY DEMANDED**

Case No. 1:14-Cv-1247 (MAD/CFH)

Plaintiff, Archie J. Davis, by his attorneys, KINDLON SHANKS & ASSOCIATES, respectfully submits the following upon information and belief:

## INTRODUCTION AND JURISDICTION

1. This is an action at law to redress the deprivation by the Defendants, acting under color of statute, ordinance, regulation, custom, and/or usage, of a right, privilege or immunity secured to the Plaintiff by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America, with intent to deny Plaintiff his civil rights, all of which arise under federal law, particularly Title 42 U.S.C. sections 1982, 1983, 1985, and 1988, and the Constitutions, Laws and Statutes of the United States and the State of New York; additionally, Plaintiff asserts common law causes of action for assault, battery, false arrest, false imprisonment, malicious prosecution, negligence, and intentional and negligent infliction of emotional distress, which are so related to Plaintiff's civil rights claims that they form part of the same case and controversy under Article III of the United States Constitution.

2. The jurisdiction of this court is invoked under the following statutes:

1

    A.    28 U.S.C. Section 1331;

    B.    28 U.S.C. Section 1343(3); and

    C.    28 U.S.C. Section 1367.

3.    A notice of claim has been made and served upon Defendant City of Troy in compliance with General Municipal Law § 50-e.

4.    At least thirty days have elapsed since the presentment of such notice, and adjustment or payment thereof has been neglected or refused.

## THE PARTIES

5.    At all times relevant, Plaintiff **ARCHIE J. DAVIS**, a black male, was residing in the City of Troy, County of Rensselaer, State of New York, in the Northern District of New York and attending Hudson Valley Community College where he played football. He is now a resident of the Town of Woodbridge, County of Prince William, Commonwealth of Virginia.

6.    At all times relevant, Defendant **CITY OF TROY** was and is a municipal corporation within the County of Rensselaer, State of New York, in the Northern District of New York, and was the employer of the various named members of the Troy Police Department designated as Defendants herein.

7.    At all times relevant, Defendant **ISAAC BERTOS**, City of Troy Police Officer, was an agent, servant, and/or employee of the City of Troy, employed by the Troy Police Department and was acting in his individual and/or official capacity under the color of state law and within the scope of his employment.

8.    At all times relevant, Defendant **RUSSELL CLEMENTS**, City of Troy Police Officer, was an agent, servant, and/or employee of the City of Troy, employed by the Troy

Police Department and was acting in his individual and/or official capacity under the color of state law and within the scope of his employment.

9. At all times relevant, Defendant **DOMINICK COMITALE**, City of Troy Police Officer, was an agent, servant, and/or employee of the City of Troy, employed by the Troy Police Department and was acting in his individual and/or official capacity under the color of state law and within the scope of his employment.

10. Each and all of the acts of the aforementioned Defendants concerning Plaintiff were and are tortuous, and were done in violation of state and federal law as well as constitutional principles, and were done under the color or pretense of the statutes, ordinances, regulations, customs, policies, and/or usages of the State of New York.

11. Plaintiff sues each Defendant in his or its individual and/or official capacity.

## THE FACTS

12. On or about October 16, 2013, at or about 9:00 p.m., Archie J. Davis and three of his roommates were approached by Defendant Police Officer Isaac Bertos while they were crossing Adams Street in Troy, New York.

13. Defendant Bertos ordered Archie J. Davis and his friends back on the sidewalk; they immediately complied.

14. Defendant Bertos ordered Archie J. Davis and his friends to show identification.

15. Mr. Davis provided the officer his social security number and his college identification card.

16. Because defendant Bertos was acting in a menacing fashion, Archie Davis used his cell phone to call his father, who was placed on speaker phone.

17. Additional City of Troy Police Officers, including Defendants Russell Clements

and Dominick Comitale, arrived to the scene.

18. Mr. Davis, who was on the telephone with his father, was ordered off the phone by a defendant police officer.

19. The same defendant police officer then violently grabbed Mr. Davis and slammed him into a parked truck, which caused Mr. Davis' head to hit the truck and his cell phone to fall underneath the truck; the cell phone was thereby lost and it was never recovered.

20. The same defendant police officer again forcibly pushed Mr. Davis against the truck and although Mr. Davis did not resist in any way the other defendant police officer punched Mr. Davis in the eye and yelled to his fellow officers that Mr. Davis was resisting arrest.

21. Defendant Police Officers began to punch and strike Mr. Davis.

22. Defendant Police Officers threw Mr. Davis onto the ground and continued to punch and strike him.

23. Although Mr. Davis complied with every direction given him, defendant Police Officers then twice subjected him to a taser.

24. While Mr. Davis was punched, struck, and subjected to a taser he had his hands behind his back.

25. Other City of Troy Police Officers either held Mr. Davis to the ground or stood by and did not intervene to stop the physical assault.

26. City of Troy Police Officers owed a duty to Archie J. Davis to act and intervene to stop the assault and battery of Mr. Davis, as well as the deprivation of his constitutional rights, but breached said duty by failing to do so.

27. The physical assault continued after Mr. Davis was subjected to the taser.

28. Throughout the physical assault, witnesses could hear Mr. Davis scream in pain.

29. In the absence of a thorough or proper investigation, without probable cause and/or an arrest warrant Defendant Police Officers falsely arrested Mr. Davis.

30. Defendant Police Officers Isaac Bertos and Dominick Comitale charged Mr. Davis with one count of Resisting Arrest, a Class "A" misdemeanor under New York Penal Law § 205.30, and one count of Improper Crossing, a violation under the Code of Ordinances of the City of Troy.

31. Defendant Police Officers Isaac Bertos and Dominick Comitale initiated a prosecution against Mr. Davis in Troy City Court without probable cause and with malice.

32. Defendant Police Officers deliberately concealed from the courts, from the Rensselaer County District Attorney and from defense counsel that the "information" upon which they based the criminal charges against Mr. Davis was false.

33. All charges against Mr. Davis were adjourned in contemplation of dismissal in Troy City Court on December 5, 2013 and dismissed on March 3, 2014.

34. At all times relevant Defendant City of Troy failed to adequately train and/or supervise the individual agents, employees, and/or servants of the City of Troy Police Department, named and unnamed, to avoid the constitutional violations of Plaintiff's rights and resultant damages described herein.

35. As a result of the foregoing, Mr. Davis was deprived of rights, privileges and/or immunities secured by the Constitution and laws of the United States and has been damaged thereby.

36. As a result of the foregoing, Mr. Davis suffered damages, including but not

limited to personal injury, pain and suffering, financial hardship, psychological trauma, intentional infliction of emotional harm and other items of damages.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS CITY OF TROY, ISAAC BERTOS, RUSSELL CLEMENTS and DOMINICK COMITALE: EXCESSIVE FORCE/42 U.S.C. 1983**

37. Plaintiff repeats and realleges paragraphs "1" through "36" and incorporates the same herein by reference.

38. At all times relevant Defendants **CITY OF TROY, ISAAC BERTOS, RUSSELL CLEMENTS** and **DOMINICK COMITALE** acted under color of law.

39. At all times relevant the acts and omissions of Defendants **CITY OF TROY, ISAAC BERTOS, RUSSELL CLEMENTS** and **DOMINICK COMITALE** were intentional, willful, malicious, and/or reckless.

40. At all times relevant Defendants **CITY OF TROY, ISAAC BERTOS, RUSSELL CLEMENTS** and **DOMINICK COMITALE** were deliberately indifferent to Plaintiff's safety, health, and constitutional rights.

41. By their deliberate indifference, Defendants **CITY OF TROY, ISAAC BERTOS, RUSSELL CLEMENTS** and **DOMINICK COMITALE** deprived Plaintiff of his right to be free from the use, and/or threatened use, of excessive force, and Plaintiff was damaged thereby.

42. The deprivation of the aforementioned rights resulted from the existence of a policies and/or customs of Defendant **CITY OF TROY**.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS CITY OF TROY, ISAAC BERTOS, RUSSELL CLEMENTS and DOMINICK COMITALE: MALICIOUS PROSECUTION/42 U.S.C. 1983**

43. Plaintiff repeats and realleges paragraphs "1" through "42" and incorporates the same herein by reference.

44. At all times relevant Defendants **CITY OF TROY, ISAAC BERTOS, RUSSELL CLEMENTS** and **DOMINICK COMITALE** acted under color of law.

45. At all times relevant the acts and omissions of Defendants **CITY OF TROY, ISAAC BERTOS, RUSSELL CLEMENTS** and **DOMINICK COMITALE** were intentional, willful, malicious, reckless, and/or without probable cause.

46. At all times relevant Defendants **CITY OF TROY, ISAAC BERTOS, RUSSELL CLEMENTS** and **DOMINICK COMITALE** were deliberately indifferent to Plaintiff's safety, health, and constitutional rights.

47. By their deliberate indifference, **CITY OF TROY, ISAAC BERTOS, RUSSELL CLEMENTS** and **DOMINICK COMITALE** deprived Plaintiff of his right to be free from malicious prosecution, and Plaintiff was damaged thereby.

48. The deprivation of the aforementioned rights resulted from the existence of a policies and/or customs of Defendant **CITY OF TROY**.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS CITY OF TROY, ISAAC BERTOS, RUSSELL CLEMENTS and DOMINICK COMITALE: UNLAWFUL ARREST/42 U.S.C. 1983**

49. Plaintiff repeats and realleges paragraphs "1" through "48" and incorporates the same by reference herein.

50. At all times relevant Defendants **CITY OF TROY, ISAAC BERTOS, RUSSELL CLEMENTS** and **DOMINICK COMITALE** acted under color of law.

51. At all times relevant the acts and omissions of Defendants **CITY OF TROY,**

ISAAC BERTOS, RUSSELL CLEMENTS and DOMINICK COMITALE were intentional, willful, malicious, reckless, and/or without probable cause.

52. At all times relevant Defendants CITY OF TROY, ISAAC BERTOS, RUSSELL CLEMENTS and DOMINICK COMITALE were deliberately indifferent to Plaintiff's safety, health, and constitutional rights.

53. By their deliberate indifference, CITY OF TROY, ISAAC BERTOS, RUSSELL CLEMENTS and DOMINICK COMITALE deprived Plaintiff of his right to be free from unlawful arrest, and Plaintiff was damaged thereby.

54. The deprivation of the aforementioned rights resulted from the existence of a policies and/or customs of Defendant CITY OF TROY.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS CITY OF TROY, ISAAC BERTOS, RUSSELL CLEMENTS and DOMINICK COMITALE: UNLAWFUL IMPRISONMENT/42 U.S.C. 1983

55. Plaintiff repeats and realleges paragraphs "1" through "54" and incorporates the same by reference herein.

56. At all times relevant Defendants CITY OF TROY, ISAAC BERTOS, RUSSELL CLEMENTS and DOMINICK COMITALE acted under color of law.

57. At all times relevant the acts and omissions of Defendants CITY OF TROY, ISAAC BERTOS, RUSSELL CLEMENTS and DOMINICK COMITALE were intentional, willful, malicious, reckless, and/or without probable cause.

58. At all times relevant Defendants CITY OF TROY, ISAAC BERTOS, RUSSELL CLEMENTS and DOMINICK COMITALE were deliberately indifferent to Plaintiff's safety, health, and constitutional rights.

59. By their deliberate indifference, **CITY OF TROY, ISAAC BERTOS, RUSSELL CLEMENTS** and **DOMINICK COMITALE** deprived Plaintiff of his right to be free from unlawful imprisonment, and Plaintiff was damaged thereby.

60. The deprivation of the aforementioned rights resulted from the existence of a policies and/or customs of Defendant **CITY OF TROY**.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS CITY OF TROY, ISAAC BERTOS, RUSSELL CLEMENTS and DOMINICK COMITALE: DENIAL OF SUBSTANTIVE DUE PROCESS/42 U.S.C. 1983

61. Plaintiff repeats and realleges paragraphs "1" through "60" and incorporates the same by reference herein.

62. At all times relevant Defendants **CITY OF TROY, ISAAC BERTOS, RUSSELL CLEMENTS** and **DOMINICK COMITALE** acted under color of law.

63. At all times relevant the acts and omissions of Defendants **CITY OF TROY, ISAAC BERTOS, RUSSELL CLEMENTS** and **DOMINICK COMITALE** were intentional, willful, malicious, and/or reckless.

64. At all times relevant Defendants **CITY OF TROY, ISAAC BERTOS, RUSSELL CLEMENTS** and **DOMINICK COMITALE** were deliberately indifferent to Plaintiff's safety, health, and constitutional rights.

65. At all times relevant it was the purpose of Defendants **CITY OF TROY, ISAAC BERTOS, RUSSELL CLEMENTS** and **DOMINICK COMITALE** to cause harm, unrelated to the legitimate law enforcement object.

66. By their deliberate indifference and egregious conduct, Defendants **CITY OF TROY, ISAAC BERTOS, RUSSELL CLEMENTS** and **DOMINICK COMITALE** caused

Plaintiff to be subjected to denial of their Fifth and Fourteenth Amendment rights to substantive due process, and Plaintiff was damaged thereby.

67. The deprivation of the aforementioned rights resulted from the existence of a policies and/or customs of Defendant **CITY OF TROY**.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS ISAAC BERTOS, RUSSELL CLEMENTS and DOMINICK COMITALE: COMMON LAW ASSAULT

68. Plaintiff repeats and realleges paragraphs "1" though "67" and incorporates the same herein by reference.

69. Defendants City of Troy Police Officers **ISAAC BERTOS, RUSSELL CLEMENTS** and **DOMINICK COMITALE** intentionally placed Plaintiff in apprehension of immediate physical injury by making threats of violence and/or by attempting to strike Plaintiff and subject him to a taser in an attempt to cause him injury.

70. Defendants' actions were the substantial and proximate causes of Plaintiff's injuries, pain, and suffering.

71. The injuries which Plaintiff sustained were caused by the joint, several, and collective conduct of Defendants without any consent on the part of Plaintiff contributing thereto.

72. As a result of the foregoing, Plaintiff was subjected to common law assault and was damaged thereby.

### AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS ISAAC BERTOS, RUSSELL CLEMENTS and DOMINICK COMITALE: COMMON LAW BATTERY

73. Plaintiff repeats and realleges paragraphs "1" though "72" and incorporates the

same herein by reference.

74. Defendants City of Troy Police Officers **ISAAC BERTOS, RUSSELL CLEMENTS** and **DOMINICK COMITALE** intentionally struck Plaintiff and subjected him to a taser.

75. Said bodily contact was offensive in nature.

76. Defendants' actions were the substantial and proximate causes of Plaintiff's injuries, pain and suffering.

77. The injuries which Plaintiff sustained were caused by the joint, several, and collective conduct of Defendants without any consent on the part of Plaintiff contributing thereto.

78. As a result of the foregoing, Plaintiff was subjected to common law battery and was damaged thereby.

### AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST DEFENDANTS ISAAC BERTOS, RUSSELL CLEMENTS and DOMINICK COMITALE: COMMON LAW MALICIOUS PROSECUTION

79. Plaintiff repeats and realleges paragraphs "1" though "78" and incorporates the same herein by reference.

80. Defendant City of Troy Police Officers **ISAAC BERTOS, RUSSELL CLEMENTS** and **DOMINICK COMITALE** intentionally and without probable cause or privilege initiated and continued a criminal proceeding against Mr. Davis.

81. The criminal proceeding was initiated and continued with malice.

82. The criminal proceeding terminated in Mr. Davis' favor.

83. Defendants' actions were the substantial and proximate causes of Plaintiff's injuries, pain and suffering.

84. The injuries which Plaintiff sustained were caused by the joint, several and collective conduct of Defendants without any consent on the part of Plaintiff contributing thereto.

85. As a result of the foregoing, Plaintiff **ARCHIE J. DAVIS** was subjected to common law malicious prosecution and was damaged thereby.

## AS AND FOR A NINTH CAUSE OF ACTION AGAINST DEFENDANTS ISAAC BERTOS, RUSSELL CLEMENTS and DOMINICK COMITALE: COMMON LAW FALSE ARREST

86. Plaintiff repeats and realleges paragraphs "1" though "85" and incorporates the same herein by reference.

87. Defendant City of Troy Police Officers **ISAAC BERTOS, RUSSELL CLEMENTS** and **DOMINICK COMITALE** intentionally and without probable cause or privilege took Mr. Davis into custody.

88. Mr. Davis was aware of such arrest and did not consent to it.

89. Defendants' actions were the substantial and proximate causes of Plaintiff's injuries, pain and suffering.

90. The injuries which Plaintiff sustained were caused by the joint, several and collective conduct of Defendants without any consent on the part of Plaintiff contributing thereto.

91. As a result of the foregoing, Plaintiff **ARCHIE J. DAVIS** was subjected to common law false arrest and was damaged thereby.

### AS AND FOR A TENTH CAUSE OF ACTION AGAINST DEFENDANTS ISAAC BERTOS, RUSSELL CLEMENTS and DOMINICK COMITALE: COMMON LAW FALSE IMPRISONMENT

92. Plaintiff repeats and realleges paragraphs "1" though "91" and incorporates the same herein by reference.

93. Defendant City of Troy Police Officers **ISAAC BERTOS, RUSSELL CLEMENTS** and **DOMINICK COMITALE** intentionally and without probable cause or privilege took Mr. Davis into custody.

94. Mr. Davis was aware of such confinement and did not consent to it.

95. Defendants' actions were the substantial and proximate causes of Plaintiff's injuries, pain and suffering.

96. The injuries which Plaintiff sustained were caused by the joint, several and collective conduct of Defendants without any consent on the part of Plaintiff contributing thereto.

97. As a result of the foregoing, Plaintiff **ARCHIE J. DAVIS** was subjected to common law false imprisonment and was damaged thereby.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION AGAINST DEFENDANTS ISAAC BERTOS, RUSSELL CLEMENTS and DOMINICK COMITALE: COMMON LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

98. Plaintiff repeats and realleges paragraphs "1" through "97" and incorporates the same herein by reference.

99. Defendants City of Troy Police Officers **ISAAC BERTOS, RUSSELL CLEMENTS** and **DOMINICK COMITALE** intentionally and violently struck Plaintiff, subjected Plaintiff to a taser, and caused injury to Plaintiff.

100. Defendants' actions were extreme and outrageous.

101. Defendants' actions were intended to cause severe and emotional distress to Plaintiff.

102. Defendants' actions were without the consent of Plaintiff.

103. As a result of the foregoing, Plaintiff was subjected to common law intentional infliction of emotional distress.

### AS AND FOR A TWELFTH CAUSE OF ACTION AGAINST DEFENDANT CITY OF TROY

104. Plaintiff repeats and realleges paragraphs "1" through "103" and incorporates the same herein by reference.

105. Defendant **CITY OF TROY** employed Defendant City of Troy Police Officers.

106. Defendant City of Troy Police Officers were employed by Defendant **CITY OF TROY** when they breached the aforementioned rights and duties to Plaintiff and when they committed the acts and omissions constituting the common law torts pleaded above.

107. At all times relevant, Defendant **CITY OF TROY** did, or could have, exercised some control, directly or indirectly, over the actions of Defendant City of Troy Police Officers.

108. Defendant **CITY OF TROY** is vicariously liable for the actions and failures of Defendant City of Troy Police Officers.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION AGAINST DEFENDANTS CITY OF TROY, ISAAC BERTOS, RUSSELL CLEMENTS and DOMINICK COMITALE: COMMON LAW NEGLIGENCE

109. Plaintiff repeats and realleges paragraphs "1" though "108" and incorporates the same herein by reference.

110. At all times relevant, Defendant **CITY OF TROY,** and its agents, servants, and

employees, owed a duty to Plaintiff, including but not limited to, a duty to adequately supervise their agents, servants, employees, and those with whom they contract, to hire, contract with, and retain competent individuals and companies, and to properly train and instruct their agents, servants, employees, and those with whom they contract.

111. At all times relevant, Defendants **ISAAC BERTOS, RUSSELL CLEMENTS** and **DOMINICK COMITALE** owed a duty to Plaintiff, including but not limited to, a duty to intervene to protect his constitutional rights from infringement by other law enforcement officers in their presence and to intervene to protect him from injury by others.

112. Defendant **CITY OF TROY**, and their agents, servants, and employees, including Defendants **ISAAC BERTOS, RUSSELL CLEMENTS** and **DOMINICK COMITALE**, failed to use reasonable care in performing the aforementioned duties.

113. Defendants' negligence and failures were the substantial and proximate causes of Plaintiff's injuries, pain and suffering.

114. Defendants **ISAAC BERTOS, RUSSELL CLEMENTS** and **DOMINICK COMITALE** were employed by Defendant **CITY OF TROY** when they breached the aforementioned rights and duties to Plaintiff.

115. At all times relevant, Defendant **CITY OF TROY** did, or could have, exercised some control, directly or indirectly, over the actions of Defendants **ISAAC BERTOS, RUSSELL CLEMENTS** and **DOMINICK COMITALE**.

116. The injuries which Plaintiff sustained were caused solely by the joint, several and collective recklessness, carelessness, negligent acts, omissions and conduct of the aforementioned Defendants without any negligence on the part of Plaintiff contributing thereto.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION AGAINST DEFENDANTS CITY OF TROY, ISAAC BERTOS, RUSSELL CLEMENTS and DOMINICK COMITALE: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

117. Plaintiff repeats and realleges paragraphs "1" though "116" and incorporates the same herein by reference.

118. Defendants **CITY OF TROY, ISAAC BERTOS, RUSSELL CLEMENTS** and **DOMINICK COMITALE** breached their duties owed to Plaintiff.

119. By reason of Defendants' negligence, Plaintiff's physical health and safety was unreasonably endangered.

120. By reason of Defendants' negligence, Plaintiff feared for his own health and safety.

121. By reason of Defendants' negligent infliction of emotional distress, Plaintiff was damaged thereby.

## **DEMAND FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

a) As and for the causes of action enumerated above, Plaintiff demands judgment against the Defendants in an amount to be determined by a jury, plus interest.

b) Together with punitive and exemplary damages in an amount to be determined at trial;

c) Costs, disbursements and attorney's fees pursuant to Title 42 U.S.C. § 1988 in this action; and

d) Such other and further relief as this Court may deem just and proper.

Dated: October 8, 2014

KINDLON SHANKS & ASSOCIATES

By: s/Terence L. Kindlon
Bar Number: 103142
*Attorneys for Plaintiff*
74 Chapel Street
Albany, New York 12207
Telephone: (518) 434-1493
Fax: (518) 432-7806
E-mail: tkindlon@kindlon.com